AHEARN & a. *v.* MANN, *Adm'r.*

Leave to appeal from a decree of the probate court allowing the settlement of an administrator's account, cannot be granted when the terms of the settlement were agreed to by counsel for the petitioners, and there was no fraud, and the only errors in the account were such as would have been discovered by reasonable diligence on the part of the petitioners and their counsel.

PETITION, for leave to appeal from a decree of the probate court, allowing the settlement of the defendant's account as administrator of the estate of John Briony, on the ground that the petitioners were prevented from appealing therefrom within sixty days,

through mistake, accident, or misfortune. Facts found by a referee.

*Edw. O. Cooke* (of Massachusetts) and *J. Kivel,* for the petitioners.

*T. J. Smith* and *J. G. Hall,* for the defendant.

ALLEN, J. The reasons assigned for leave to appeal from the defendant's settlement of his administration account are, that one inventory having been made and filed, other assets, of which no inventory was made, were discovered, and that neither at the settlement of the account, nor subsequently within the time for taking an appeal, did the administrator produce his books and vouchers for examination, and the petitioners were deprived of the opportunity of various errors and frauds, which it is claimed were made in the settlement.

The only errors in the account which the referee has found are a charge by the administrator of money paid for services by his attorney, thirteen dollars of which were for services rendered while the attorney was register of probate, and an excess—how much is not found—taken by the administrator, as commissions upon money collected and disbursed. These charges were examined and agreed to by the plaintiffs' attorneys, at the time the amount was settled. The assets, of which no appraisal was made, were accounted for at their value. At the time the vouchers were called for by the plaintiffs, the administrator could not find them, but they were subsequently discovered and produced before the referee, and corresponded with the items of the account. After the settlement the plaintiffs gave a receipt for the balance found, and a release, under seal, of all further claim against the administrator. There was no fraud or concealment on the part of the administrator, and there were no errors in the account, which, by reasonable diligence, might not have been discovered in season for correction or appeal. There being no fraud or concealment, and all matters having been open to examination, or so situated that by reasonable diligence they might have been examined, there is no such mistake, accident, or misfortune as warrants the granting of leave to appeal to prevent injustice.

*Petition dismissed.*

All concurred.